IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEVERT STEWART,
Inmate No. J17573,
    Plaintiff,

vs.                                  Case No.: 3:17cv154/LAC/EMT

DEPARTMENT OF
CORRECTIONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials at Santa Rosa Correctional Institution (ECF No. 1). This cause is now before the court on Plaintiff's "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" (ECF No. 14), which the court construes as a motion for preliminary injunction or temporary restraining order. Plaintiff seeks injunctive relief to prevent Defendants or any other officers from retaliating against him by "the appliance of poisonous chemicals applied to his food and/or drink or to the water to the sink in his cell" (ECF No. 14 at 1).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

The grant or denial of preliminary injunctive relief rests in the discretion of the district court.  See Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted).  The district court, however, must exercise its discretion in light of whether:

    1.    There is a substantial likelihood that Plaintiff will prevail on the merits;

    2.    There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

    3.    The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

    4.    The granting of the preliminary injunction will not disserve the public interest.

See CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Imp., Ltd., 112 F.3d at 1126.  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  CBS Broad., Inc., 265 F.3d at 1200 (citation omitted).  Because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual

complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975).

    Plaintiff's allegations do not provide a basis for granting injunctive relief. He provides only the broad, conclusory and unsupported statements identified above in support of his motion. Especially at this stage or the litigation where Plaintiff's pleadings remain under review pursuant to 42 U.S.C. § 1915, granting injunctive relief would require the federal courts to interfere in the administration of the Department of Corrections and take over the management or treatment of a single inmate. Federal courts should normally be reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. Procunier v. Martinez, 416 U.S. 396, 404–05, 94 S.Ct. 1800, 1807, 40 L. Ed. 2d 224 (1974), *overruled on other grounds,* Thornburgh v. Abbott, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459(1989); Sandin v. Conner, 515 U.S. 472, 482, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); Newman v. Alabama, 683 F.2d 1312, 1320 (11th Cir. 1982). Therefore, his request for injunctive relief should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's construed motion for preliminary injunctive relief or temporary restraining order (ECF No. 14) be **DENIED**.

At Pensacola, Florida, this 9th day of April 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**